HONORABLE KYMBERLY K. EVANSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES C. PARKS, an individual,<br>Plaintiff,<br>v.<br>INTER-CON SECURITY SYSTEMS INC., et al.,,<br>Defendants. | No. 2:26-cv-02297-KKE<br><br>**DEFENDANT INTER-CON SECURITY SYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>December 15, 2026<br>WITHOUT ORAL ARGUMENT |

## I. INTRODUCTION

Defendant Inter-Con Security Systems Inc. ("Inter-Con") moves under Rule 12(b)(6) and 12(b)(5) for an Order dismissing Plaintiff's Complaint for Employment Discrimination ("Complaint"). Dkt. 6. Specifically, Inter-Con seeks dismissal because Plaintiff (1) alleges insufficient facts under a cognizable legal claim; and (2) failed to effectuate proper service under Rule 4(m). Plaintiff's Complaint should be dismissed with prejudice.

## II. FACTS

Plaintiff filed his Complaint for Employment Discrimination on July 1, 2026. Dkt. 6. The Complaint asserts claims against Inter-Con for: (1) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); and (3) violation of the Americans with Disabilities Act of 1990 ("ADA"). Dkt. 6. Plaintiff alleges that the conduct underlying his claims occurred on April 15, 2025. Dkt. 6.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

In support of his claims, Plaintiff alleges:

> The defendants failed to provide the plaintiff with Reasonable Accommodation according to state and federal laws.

Dkt. 6.

> The plaintiff is a disabled veteran as of 2010. The defendants failed to provide reasonable accommodation to the plaintiff according to state and federal laws. While continuing to maintain the plaintiffs [*sic*] as an employee without pay.

Dkt. 6.

With respect to service, Plaintiff filed a Proof of Service on July 16, 2026, indicating that he purportedly served Inter-Con by United States Postal Service Certified Mail addressed to 210 South DeLacy [*sic*]Avenue, Pasadena, California 91105. Dkt. 11. The Proof of Service identifies July 6, 2026, as the date of service. *Id.* Plaintiff subsequently filed a Summons on August 17, 2026, indicating a second purported service on Inter-Con by Certified Mail directed to the same address. Dkt. 14. The August 17 filing does not identify a date on which service allegedly occurred. *Id.*

Inter-Con's principal place of business is located at 210 South De Lacey Avenue, Pasadena, California 91105. Wash. Sec'y of State, Corps. & Charities Filing Sys., Business Information for Inter-Con Security Systems, Inc. (last visited Nov. 9, 2026). Inter-Con's Washington registered agent is Paracorp Incorporated, whose registered office address is 425 Franklin Street SE, Olympia, Washington 98501. *Id.* The Court has approved Plaintiff to proceed *In Forma Pauperis*. Dkt. 5.

## III. ARGUMENT

### A. FRCP 12(b)(6) Standard.

A complaint challenged by a FRCP 12(b)(6) motion to dismiss must offer "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must indicate more than mere speculation of a right to relief. *Id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Greer v. Wormuth*, No. 24-6425, 2026 U.S. App. LEXIS 21592, at *1 (9th Cir. July 21, 2026) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint may be dismissed as matter of law for one of two reasons: (1) absence of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim. *Zenoff v. Sorrento Therapeutics, Inc. (In re Sorrento Therapeutics, Inc. Sec. Litig)*, 97 F.4th 634, 641 (9th Cir. 2024); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Plaintiff's Complaint asserts claims under Title VII, the ADEA, and ADA. Dkt. 6. But the Complaint's substantive allegations consist only of assertions that Plaintiff has been a disabled veteran since 2010, Defendants failed to provide a reasonable accommodation, and Defendants maintained Plaintiff as an employee without pay. *Id.* These allegations do not identify the accommodation at issue, the limitations requiring an accommodation, any accommodation request, the decisionmakers involved, or facts connecting Inter-Con's conduct to a characteristic protected by Title VII, the ADEA, or the ADA. Therefore, Plaintiff's Complaint should be dismissed with prejudice. *Love v. Kaiser Permanente Consol.*, No. 24-3065, 2025 U.S. App. LEXIS 24849, at *1-2 (9th Cir. Sep. 25, 2025) (affirming dismissal where plaintiff failed to allege facts sufficient to state a plausible claim for relief and amendment would have been futile); *Smith v. New Easthill, LLC*, No. 2:25-cv-02130-RAJ, 2026 U.S. Dist. LEXIS 93359, at *4-8 (W.D. Wash. Apr. 28, 2026) (dismissing Title VII discrimination claim where plaintiff failed to allege she was a member of a protected class and failed to plead facts connecting adverse employment actions to discriminatory animus, and dismissing retaliation claim where plaintiff alleged only conclusory assertions of retaliation without facts showing protected activity or a causal link to the challenged employment actions).



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**1. The Complaint Does Not State a Title VII Claim.**

Title VII prohibits employer discrimination based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2. A Title VII discrimination claim requires facts showing that the plaintiff belongs to a protected class, was qualified for the position, experienced an adverse employment action, and was treated less favorably than similarly situated individuals outside the protected class or that the surrounding circumstances otherwise support an inference of discrimination. *Greer*, 2026 U.S. App. LEXIS 21592, at *1; *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). A disparate-treatment claim requires discriminatory intent or motive for taking a job-related action. *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (citing *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)). Awareness that an employment practice may adversely affect a protected group is not enough. *Wood*, 678 F.3d at 1081.

The Complaint does not identify Plaintiff's race, color, religion, sex, national origin, or any other status allegedly protected by Title VII. Dkt. 6. It does not allege that Inter-Con treated Plaintiff less favorably than any similarly situated employee or otherwise acted with discriminatory intent. Even if allegedly maintaining Plaintiff as an employee without pay qualifies as an adverse employment action, the Complaint alleges no facts connecting that action to a protected characteristic.

The assertion that Defendants failed to provide a reasonable accommodation does not cure these defects. The Complaint does not identify a protected basis for the requested accommodation. Nor does it describe what accommodation Plaintiff sought, when he sought it, who received the request, or why Inter-Con's response supports an inference of discrimination. The allegations therefore permit, at most, the possibility of unspecified misconduct, which is insufficient to state a plausible Title VII claim.

**2. The Complaint Does Not State an ADEA Claim.**

The ADEA protects individuals who are at least forty years old. 29 USCS §631. An ADEA disparate treatment claim requires facts plausibly showing that age was the but-for cause of the



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

challenged employment action. *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105-05 (9th Cir. 2019) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)).

The Complaint does not allege Plaintiff's age or that he was at least forty years old when the challenged conduct occurred on April 15, 2025. Dkt. 6. It alleges only that Plaintiff has been a disabled veteran since 2010, which says nothing about whether he falls within the ADEA's protected age group. The Complaint also contains no allegation that Inter-Con considered Plaintiff's age, made an age-related statement, treated a younger employee more favorably, or took any action because of Plaintiff's age. The allegation that Plaintiff remained employed without pay does not identify age as the reason for that status. Because the Complaint pleads no facts supporting either protected status or age-based causation, the ADEA claim should be dismissed.

**3. The Complaint Does Not State an ADA Failure-to-Accommodate Claim.**

The ADA defines disability as an actual physical or mental impairment substantially limiting one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. 42 USCS §12102(1)(A)-(C). A qualified individual is one who can perform the position's essential functions, with or without reasonable accommodation. 42 USCS §12111(8). The ADA prohibits an employer from failing to provide a reasonable accommodation for the known limitations of an otherwise qualified individual with a disability, unless the accommodation would impose an undue hardship. 42 USCS §12112(b)(5)(A). Under the ADA, a Plaintiff must allege facts showing: (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of the disability. *Ting v. Adams & Assocs.*, No. 2:16-cv-01309-TLN-KJN, 2017 U.S. Dist. LEXIS 165666, at *15 (E.D. Cal. Oct. 3, 2017) (citing *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003)). "A plaintiff must provide at least some factual allegations in support of each element of [his] ADA claim, thereby allowing the court to draw the reasonable inference that the defendant is liable under that statute." *Ting*, 2017 U.S. Dist. LEXIS 165666, at *15-16 (citing *Steiner v. Verizon Wireless*, No.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

2:13-CV-1457-JAM-KJN, 2014 U.S. Dist. LEXIS 6517, 2014 WL 202741, at *5 (E.D. Cal. Jan. 17, 2014)).

Plaintiff's description of himself as a disabled veteran is a label, not a factual allegation establishing an ADA disability. The Complaint does not identify any physical or mental impairment, any substantially limited major life activity, or any work-related limitation resulting from an impairment. It also does not identify Plaintiff's position, its essential functions, or facts showing that Plaintiff could perform those functions with or without accommodation.

The accommodation allegations are equally conclusory. A failure-to-accommodate claim is insufficient when the plaintiff does not allege how the condition limited the plaintiff, how the plaintiff could perform the essential job functions, how the employer knew accommodation was necessary, what accommodation was requested, or how the request was denied. *Ting*, 2017 U.S. Dist. LEXIS 165666, 16; *Steiner*, 2014 U.S. Dist. LEXIS 6517, 2014 WL 202741, at *5 (granting the defendant's motion to dismiss the plaintiff's ADA claim for failure to accommodate where the plaintiff alleged her employment was terminated because of her disability but did not plead facts to support each required element).

The Complaint does not identify the accommodation Plaintiff needed or allege that he requested it. It does not state when or how Inter-Con learned of a qualifying disability or resulting workplace limitation. Nor does it allege facts suggesting that Plaintiff was unable to request an accommodation or that Inter-Con knew he was unable to do so. The bare assertion that Defendants failed to provide reasonable accommodation merely restates the claimed violation without supplying the facts necessary to make it plausible.

The allegation that Defendants maintained Plaintiff as an employee without pay does not fill these gaps. The Complaint does not explain when the unpaid status began, who imposed it, why it was imposed, how it related to Plaintiff's limitations or accommodation request, or what accommodation would have enabled Plaintiff to perform his job.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Because each cause of action lacks facts supporting essential components of a cognizable federal discrimination theory, the Court should dismiss the Complaint under Rule 12(b)(6) with prejudice.

**B. Plaintiff Did Not Properly Serve Inter-Con Under rule 4(h).**

Rule 4(h) permits service on a corporation by delivering the summons and complaint to an officer, managing or general agent, or another agent authorized by appointment or law to receive process. Fed. R. Civ. P. 4(h). Although service is not limited to formally designated officers or agents, the recipient must be sufficiently integrated with the corporation that it is fair and reasonable to imply authority to receive process. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Plaintiff did not deliver the summons and complaint to Inter-Con's registered agent, an officer, or any other identified corporate representative. Instead, Plaintiff mailed documents by certified mail to Inter-Con's principal place of business in Pasadena, California. Dkts. 11, 14. Mailing documents to a corporation generally, without evidence that the summons and complaint were delivered to a qualifying officer or agent, does not satisfy Rule 4(h). *Smith v. Rossotte*, 250 F. Supp. 2d 1266, 1272 (D. Or. 2003). Certified mail addressed to a corporation's business location likewise does not satisfy Rule 4(h)'s corporate-service requirements. *Stanley v. Good-win*, 475 F. Supp. 2d 1026, 1035 (D. Haw. 2006).

The July 16 proof of service does not identify who received the mailing, establish that the recipient was authorized to accept service, or show that both the summons and Complaint were included. Dkt. 11. The August 17 filing is less definite as it reflects another certified-mail attempt to the same address but does not identify a service date or an authorized recipient. Dkt. 14. Nothing in either affidavit supports an inference that the mailing reached a representative whose position within Inter-Con made it fair and reasonable to imply authority to accept service.

**C. Plaintiff Did Not Properly Serve Inter-Con Under Washington Law.**

Washington law requires service on a corporation through a statutorily designated recipient, such as the corporation's president or other head, registered agent, secretary, cashier,



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

man-aging agent, or the secretary, stenographer, or office assistant of one of those persons. *Weber v. Associated Surgeons*, 166 Wn.2d 161, 163 (2009); RCW 4.28.080(9). The statute reflects Washington's determination that only persons holding designated positions may accept service for a corporation. *Witt v. Port of Olympia*, 126 Wn. App. 752, 758 (2005) (overruled on other grounds).

Inter-Con's Washington registered agent is Paracorp Incorporated, located at 425 Franklin Street SE, Olympia, Washington 98501. Plaintiff did not serve Paracorp. Neither affidavit establish delivery to any other person authorized to accept service for Inter-Con under Washington law. Mailing documents to Inter-Con's California business address, without identifying a qualifying recipient, therefore did not accomplish service under Washington law.

**D. Plaintiff Did Not Complete Service Within Rule 4(m)'s 90-Day Period.**

Plaintiff filed the Complaint on July 1, 2026. Dkt. 6. Under Rule 4(c), the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). Fed. R. Civ. Pro 4(c); 4(m). The 90-day service period expired on or around September 29, 2026. Neither of Plaintiff's certified-mail attempts effectuated valid service before that deadline. Rule 4(m) authorizes the Court to dismiss an action without prejudice or direct that service be completed within a specified time.

**E. Plaintiff's *In Forma Pauperis* Status Does Not Render Defective Mailings Effective.**

Because Plaintiff was authorized to proceed in forma pauperis, Rule 4(c)(3) required court-directed service by the United States Marshal, a deputy marshal, or another specially appointed person. Fed. R. Civ. Pro 4(c)(3).[1] The present filings do not reflect service by the Marshal or

[1] An *in forma pauperis* plaintiff who supplies the information necessary to identify a defendant may rely on the Marshal and should not be penalized when the Marshal or clerk fails to perform the required service duties. *Walker v. Sumner*, 14 F.3d 1415, 1421 (9th Cir. 1994); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

another court-appointed person. Instead, they reflect Plaintiff's own certified-mail attempts. Dkt. 11; Dkt. 14. Plaintiff's *in forma pauperis* status does not transform those mailings into delivery to an authorized corporate representative or otherwise cure their failure to comply with Rule 4(h) and Washington law. Nor do the facts presented establish that any failure of service resulted from the Marshal's or Clerk's failure to act after Plaintiff furnished the information necessary to serve Inter-Con. Accordingly, the Court should grant Inter-Con's motion under Rule 12(b)(5) and dismiss the Complaint.

## IV. CONCLUSION

For the reasons stated herein, the Court should grant's Defendant's Motion to Dismiss Plaintiff's Complaint.

DATED this 17th day of November, 2026.

JACKSON LEWIS P.C.

By: /s/ *Joshua H. Tinajero*

Joshua H. Tinajero, WSBA #55949
Joshua.Tinajero@jacksonlewis.com
Ph: (206) 626-6421
520 Pike Street, Suite 2300
Seattle, WA 98101
Counsel for Defendants

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the following:

James C. Parks
P.O. Box 314
Lynnwood, WA 98046
Telephone:425.248.9292

Pro-Se Plaintiff

☒ via CM/ECF System
☐ via Electronic Mail
☒ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: ______________________

DATED this 17th day of November, 2026.

*/s/ Yatzia Arango*______________________________
Yatzia Arango